# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0663, <u>State of New Hampshire v. Donald McCullough</u>, the court on May 30, 2019, issued the following order:**

The defendant's motion for preparation of transcript, filed 15 days after the State filed its memorandum of law, is denied. See <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for parties not represented by attorneys). Having considered the briefs, memorandum of law, and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. See <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Donald McCullough, appeals the order of the Circuit Court (<u>Kelly</u>, J.) finding him guilty of violating Rochester City Ordinance (RCO) 45.3 by "unlawfully camp[ing] . . . for a two-hour period between dusk and dawn . . . on the . . . City Hall lawn," and imposing a $100 fine, which the court suspended.

RCO 45.3 provides that it is "unlawful for any person to camp, or to park, with occupancy by one or more persons, any vehicle or recreational vehicle, either overnight or for any two-hour period between dusk and dawn, on any City-owned lands within the City of Rochester." The defendant does not dispute that he engaged in conduct prohibited by the ordinance. Rather, he argues that RCO 45.3 is incompatible with RSA 165:1-a (2014), which provides: "Any person in a town or city who is poor and unable to support himself shall be known as a town or city assisted person, and shall be relieved and maintained at the expense of the town or city of residence." The defendant argues that RCO 45.3 is unenforceable because, he contends, it deprives homeless persons of safe shelter. We note that the record on appeal shows that the defendant is neither homeless nor a city resident.

It is well settled that towns cannot regulate a field that has been preempted by the State. <u>Town of Rye Bd. of Selectmen v. Town of Rye Zoning Bd. of Adjustment</u>, 155 N.H. 622, 624 (2007). The preemption doctrine flows from the principle that municipal legislation is invalid if it is repugnant to, or inconsistent with, state law. <u>Id</u>. State law expressly preempts local law when there is an actual conflict between state and local regulation. <u>Id</u>. at 624-25. An actual conflict exists when a municipal ordinance or regulation permits conduct that a state statute prohibits, or vice versa. <u>Id</u>. at 625. Moreover, even when a local ordinance does not expressly conflict with a state statute, it will be preempted when it frustrates the statute's purpose. <u>Forster v. Town of Henniker</u>, 167 N.H. 745, 756 (2015).

In this case, even if we assume, without deciding, that the defendant has standing to challenge the enforceability of RCO 45.3 as against homeless Rochester residents, nothing in RSA 165:1-a expressly requires municipalities to allow persons to camp, sleep, or occupy a vehicle on city-owned property. Nor has the defendant demonstrated that RCO 45.3 frustrates the purpose of RSA 165:1-a. Indeed, a municipality may satisfy its RSA 165:1-a obligations in any number of ways other than by allowing persons to camp, sleep, or occupy a vehicle on city-owned property. The defendant has failed to timely provide a transcript of the trial court proceedings to demonstrate that the city has not complied with RSA 165:1-a. See Atwood v. Owens, 142 N.H. 396, 396 (1997) (In the absence of a transcript, we must assume that the evidence supports the trial court's decision.).

As for the defendant's remaining arguments, we conclude that the record is insufficient to address them, see Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004), that they are insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and that they warrant no further consideration, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**