**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0645, <u>Town of Thornton v. Ahmed M. Mohamed & a.</u>, the court on June 14, 2019, issued the following order:**

Having considered the briefs and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

Defendants Ahmed Mohamed and Maher Mahmoud appeal orders of the Superior Court (<u>Bornstein</u> and <u>MacLeod</u>, JJ.) granting equitable relief to the plaintiff, the Town of Thornton, awarding the plaintiff attorney's fees, and assessing civil penalties against them. We construe the defendants' brief to argue that the trial court's findings are unsupported by the evidence and contrary to the weight of the evidence.

The record shows that, following a bench trial, the trial court found that the defendants, by recording a survey plan in the registry of deeds without prior planning board approval, created an illegal subdivision. After the town notified the defendants that their subdivision was illegal, they failed to take corrective action. The town brought an enforcement action, and the trial court, pursuant to RSA 674:37 (2016), declared the subdivision void and ordered the defendants to make no further conveyances referencing the illegally recorded plan. The court awarded the town its costs and reasonable attorney's fees pursuant to RSA 676:17, II (2016), and reserved ruling on the town's request for civil penalties.

Following a hearing on attorney's fees, the trial court found the town's attorney's fees and costs, $46,158.22, to be reasonable, given the facts of the case. The court found that defendant Mahmoud "repeatedly and continuously filed detailed, repetitive, and often voluminous and frequently unnecessary, if not frivolous, pleadings, which consequently unduly prolonged this case and caused the plaintiff to incur, unavoidably, significant legal fees in having both to respond to pleadings and to attend court hearings." The court found defendants Mahmoud and Mohamed to be jointly and severally responsible for seventy percent of the fees and costs, and defendant John March to be thirty percent responsible.

Following a further hearing, the trial court granted the town's request for $50,000 in civil penalties. The court noted that although RSA 676:17, I (2016) authorized civil penalties of $154,825, the town had only requested $50,000.

The court found defendants Mahmoud and Mohamed to be jointly and severally responsible for seventy percent of the penalties and defendant March to be thirty percent responsible.

On appeal, Mahmoud and Mohamed argue that they relied upon March, an experienced, licensed land surveyor, to subdivide the property legally. They assert that March created and illegally recorded the subdivision plan without their knowledge or authority, and that although they asked him to take corrective action, he refused to do so.

It is the defendants' burden as appellants to provide this court with a record sufficient to decide their issues on appeal. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see also Sup. Ct. R. 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."); Town of Nottingham v. Newman, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants). The defendants have failed to provide this court with transcripts of the bench trial and hearings. Absent such transcripts, we assume that the evidence supported the court's orders. See Bean, 151 N.H. at 250. We review the orders for errors of law only, see Atwood v. Owens, 142 N.H. 396, 397 (1997), and find none.

To the extent that the defendants' brief raises additional issues, we conclude that the record is insufficient to address them, see Bean, 151 N.H. at 250, that they are insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and that they warrant no further consideration, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**