# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0048, <u>Maher M. Mahmoud v. John March d/b/a Mountain Mapping</u>, the court on October 15, 2019, issued the following order:**

Having considered the brief filed by the plaintiff, Maher Mahmoud, the memorandum of law filed by the defendant, John March d/b/a Mountain Mapping, and the limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff appeals orders of the Superior Court (<u>Bornstein</u>, J.) dismissing all of his claims except his breach of contract claim, awarding him $3,800 in damages on that claim, and denying his requests for punitive and other damages for breach of contract. We affirm.

The trial court found the following relevant facts. The plaintiff sued the defendant for breach of contract, among other claims. In April 2018, the plaintiff moved for summary judgment on all of his claims and requested an award of damages and that the trial court revoke the defendant's surveyor license. In June 2018, after more than two months had passed without an objection, the trial court granted the plaintiff partial summary judgment on his breach of contract claim. The court subsequently held a hearing on damages. Thereafter, the trial court awarded the plaintiff $3,800 on his breach of contract claim and granted his request for an attachment, but denied his requests for punitive and other damages. The trial court also dismissed all of the plaintiff's remaining claims for failing to state a claim.

To the extent that the plaintiff contests the trial court's factual findings underlying its damages award, we observe that he has not provided a sufficient record for our review. It is the burden of the appealing party, here the plaintiff, to provide this court with a record sufficient to decide his issues on appeal. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>also</u> <u>Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."); <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants). The plaintiff has not provided this court with the transcript from the trial court hearing on damages. Absent that transcript, we must assume that the evidence supported the court's order on damages. <u>See</u> <u>Bean</u>, 151 N.H. at 250. We review that order for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997), and find none. To the extent that the plaintiff raises additional

issues, we conclude that they are insufficiently developed for our review, <u>see</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003), and that they warrant no further consideration, <u>see</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993).

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**