Rockingham
No. 99-677

TOWN OF NOTTINGHAM

v.

DIANE NEWMAN & a.

November 1, 2001

132

*Borofsky, Lewis & Amodeo-Vickery, P.A.*, of Newington (*Mark S. Gearreald* on the brief and orally), for the plaintiff.

*Rick Newman*, by brief and orally, *pro se.*

BROCK, C.J. The defendants, Rick and Diane Newman, appeal an order of the Superior Court (*McHugh*, J.) awarding $14,650 in civil penalties and $6,000 in attorney's fees to the plaintiff, the Town of Nottingham (Town). We affirm.

The relevant facts follow. In 1992, the defendants owned two mobile homes located on their 5.7-acre parcel in Nottingham. At that time, the defendants lived in one mobile home. The other mobile home, which was connected to the defendants' mobile home under a single roof, was occupied by Mrs. Newman's elderly parents. According to the Town's zoning ordinance, when more than one dwelling unit is constructed on a single tract of land, each unit must be located on a plot that satisfies all of the requirements of the ordinance and subdivision regulations, and a building permit must be obtained before any existing structure on the property may be relocated.

The defendants filed an application for a building permit so that they could replace one of the mobile homes with a house. The Town granted the permit, but placed a written condition on the permit that both of the mobile homes were to be removed at the time of the issuance of the occupancy permit for the new residence. When the defendants requested an occupancy permit in May 1993, the mobile homes had not yet been removed from the property. Mrs. Newman signed an agreement guaranteeing that she would not rent either mobile home and that she would remove the two mobile homes on or before June 15, 1993. The agreement also stated, "I further understand that if I default on this agreement and it becomes necessary for the Town of Nottingham to

remove the two said mobile homes, I will be responsible for any and all moving costs, attorney's fees and legal expenses that the Town may incur."

The defendants failed to comply with the terms of the agreement, and on June 25, 1993, they received official notice from the Town stating, in pertinent part:

> The Nottingham Building Inspector conducted an inspection of your property on June 19, 1993 and found that the 2 mobile homes that are in violation of the Nottingham Zoning Ordinance Section VI, C1 have not been removed as per the conditions of the building permit and the agreement that was authorized by the Board of Selectmen.
>
> You are hereby ordered to remove *both* mobile homes . . . on or before June 30, 1993.
>
> Failure to comply with this order will result in legal action being taken against you.

When the defendants again failed to comply, the Town filed for injunctive relief seeking removal of the second mobile home and civil penalties pursuant to RSA 676:17, I (b) and Article XIV of the Nottingham Zoning Ordinance for each day after the defendants received the written notice of violation. During the hearing on the preliminary injunction held January 18, 1994, the defendants represented to the court, through counsel, that: (1) "everything that [the Town's attorney] has said is true"; and (2) by keeping the second mobile home on the property after June 1993, "they violated the law in doing so" even though that was not their intention. After the hearing, the superior court determined that in the summer of 1993, after the defendants received the Town's notice, both mobile homes had been removed from the property, but at some point in the fall of 1993, one of the mobile homes was returned as a residence for Mrs. Newman's parents. Considering how difficult it would be for the defendants to find alternative housing for Mrs. Newman's parents and to remove a mobile home in the middle of the winter, the court denied the Town's petition, allowing the defendants ninety days to seek a subdivision of their property.

After the defendants unsuccessfully attempted to keep the mobile home on their property in proceedings before the planning board and the zoning board of adjustment, they appealed to the superior court. A default judgment was entered against them in January 1996. They appealed to this court and, in September 1998, we vacated the default judgment after

concluding that the trial court should have considered lesser sanctions than default, and remanded the case to the superior court for further proceedings.

The mobile home was permanently removed from the property on or about July 1, 1997, when the defendants found alternative housing for Mrs. Newman's parents. As a result, when the case came before the superior court again in 1999, the only remaining issue was the Town's request for civil penalties pursuant to RSA 676:17 (amended 1997) and attorney's fees. Considering the defendants' financial condition, the court awarded the Town $14,650 in civil penalties based on a rate of $10 per day, rather than a rate of $100 per day as requested by the Town, for every day that the mobile home remained illegally on the property from June 25, 1993, to July 1, 1997. Finding no bad faith on the defendants' part, the court initially denied the Town's request for attorney's fees. Upon reconsideration, however, the court ordered Mrs. Newman to pay $6,000 in attorney's fees based upon her written agreement with the Town.

On appeal, the defendants argue that: (1) RSA 676:17 is unconstitutional as applied in this case because it deprived them of their right of access to the courts and their right to due process; and (2) the superior court abused its discretion by awarding the Town attorney's fees.

The defendants first contend that because they had a legitimate dispute with the Town, the application of RSA 676:17 in this case violates their right of access to the courts under the State Constitution by allowing the Town to fine them while they were litigating the matter. We disagree.

According to RSA 676:17, I (b), prior to its amendment in 1997, any person who violates a local zoning ordinance or a condition of a permit "[s]hall be subject to a civil penalty not to exceed $100 for each day that such violation is found to continue after the conviction date or after the date on which the violator receives written notice from the municipality that he is in violation, whichever is earlier."

Part I, Article 14 of the New Hampshire Constitution provides:

> Every subject of this state is entitled to a certain remedy, by having recourse to the laws, for all injuries he may receive in his person, property, or character; to obtain right and justice freely, without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws.

The purpose of this provision is "to make civil remedies readily available, and to guard against arbitrary and discriminatory infringements on access

to the courts." *Estate of Cargill v. City of Rochester*, 119 N.H. 661, 665 (1979).

The defendants have not been denied access to the court. The injury of which they now complain, the imposition of civil penalties and attorney's fees, came about only as the result of a hearing in the superior court. From the outset of their dispute with the Town, the defendants had the opportunity to contest the Town's position that they violated either the ordinance or the conditions of their building permit. Indeed, at the preliminary injunction hearing held January 18, 1994, the defendants' attorney admitted that they had violated the terms of their building permit and the law by keeping the mobile home on their property.

The defendants also had the opportunity to contest the amount of civil penalties assessed by the Town again in 1999, after this court vacated the default judgment and remanded the case to the superior court. While the defendants were precluded on remand from arguing that they did not violate the ordinance because of their previous admission, the trial court specifically ordered the defendants to respond to the Town's affidavit setting forth what it believed it was owed as a result of the defendants' failure to comply with the Town's zoning ordinance. The defendants did respond, and the trial court, considering the "totality of the circumstances," assessed the defendants a fine of $10.00 per day, rather than the $100.00 per day the Town had requested. Under these circumstances, we conclude that the defendants were not denied access to the courts in violation of Part I, Article 14 of the New Hampshire Constitution.

The defendants next contend that they have been denied due process because they were provided neither with adequate notice regarding the statutory penalties that could be imposed against them nor with an opportunity to be heard on the matter. We disagree.

Because the defendant does not invoke Part I, Article 15 of the State Constitution on appeal, we limit our due process analysis to the Federal Constitution. *See State v. Dellorfano*, 128 N.H. 628, 632-33 (1986). Under the Fourteenth Amendment of the Federal Constitution, "an elementary and fundamental requirement of due process is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *City of Claremont v. Truell*, 126 N.H. 30, 35 (1985) (brackets, quotations and ellipses omitted). Thus, "[a defendant] may not be fined with civil penalties under RSA 676:17 unless [he is] given reasonable written notice that he is in fact in violation of a town ordinance." *Town of Swanzey v. Liebeler*, 140 N.H. 760, 763 (1996).

■ The Town's notice, delivered to the defendants on June 25, 1993, informed them that they were in violation of the conditions of their building permit and that if they failed to comply, legal action would be taken against them. Because every person is presumed to know the law, see *State v. Carver*, 69 N.H. 216, 219 (1897), and because RSA 676:17 clearly subjects persons who violate local ordinances to civil penalties for each day the violation is found to continue after the date on which the violator receives written notice from the municipality of the violation, the defendants were on notice that they would be subject to civil penalties if they continued to violate the ordinance. Furthermore, the Town's petition for injunctive relief, filed in January 1994, specifically sought civil penalties against them pursuant to RSA 676:17, I. As we noted previously, the defendants were given ample opportunity to be heard on this matter, as they were able to present their case at two separate hearings before the superior court and to bring this matter before us on appeal.

■ To the extent they so argue, we disagree with the defendants that to allow the fine to accrue on a daily basis pending a hearing on the matter denies them due process. Assessments of fines prior to review during the period in which liability is contested "are valid, assuming the [appellant] is accorded adequate opportunity to challenge their assessment . . . before payment must begin." *Nichiro Gyogyo Kaisha, Ltd. v. Baldrige*, 594 F. Supp. 80, 83 (D.D.C. 1984) (quotation and citation omitted). In the present case, the defendants were afforded such an opportunity. Therefore, the requirements of due process have been satisfied.

■ The defendants next contend that the superior court abused its discretion by awarding the Town attorney's fees because the court found that the defendants did not act in bad faith in litigating their dispute with the Town and because Mrs. Newman was under duress when she agreed to the Town's terms in exchange for the building permit.

In response, the Town argues that the fact that the superior court found no bad faith on the defendants' part is of no consequence because the court based its award of attorney's fees upon a valid agreement between Mrs. Newman and the Town, not RSA 676:17, II. We agree.

We apply an abuse of discretion standard when we review the trial court's award of attorney's fees. *See Glick v. Naess*, 143 N.H. 172, 175 (1998) (quotation and citation omitted). "To constitute abuse, reversible on appeal, the discretion must have been exercised for reasons clearly untenable or to an extent clearly unreasonable to the prejudice of the objecting party. If there is some support in the record for the trial court's determination, we will uphold it." *Id.* (quotation and citation omitted).

A prevailing party may be awarded attorney's fees when "that recovery is authorized by statute, an agreement between the parties, or an established judicial exception to the general rule that precludes recovery of such fees." *Morse v. Ford*, 118 N.H. 280, 281 (1978). In this case Mrs. Newman agreed: (1) to remove both mobile homes before June 15, 1993; and (2) that if she defaulted on these terms, she would be responsible for the Town's costs in enforcing the agreement including "attorney's fees and legal expenses." Thus, Mrs. Newman agreed to take responsibility for all legal costs associated with the Town's enforcement of the parties' agreement. *Cf. Keating v. United Instruments, Inc.*, 144 N.H. 393, 400 (1999) (indemnification agreement interpreted by considering language of the contract, the circumstances surrounding it, and the intent of the parties at the time the contract is made). We decline to consider the defendants' argument on appeal that Mrs. Newman should not be bound by an agreement she allegedly signed under duress, because that issue was not raised below. *See Quirk v. Town of New Boston*, 140 N.H. 124, 128 (1995); *see also State v. Porter*, 144 N.H. 96, 100-01 (1999) (rules regarding preservation of issues on appeal not relaxed for *pro se* litigants).

We have reviewed the record with respect to the defendants' remaining arguments and find them without merit and warranting no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

*Affirmed.*

BRODERICK, NADEAU, DALIANIS and DUGGAN, JJ., concurred.