# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0190, <u>Verani Realty, Inc. v. Joseph Scott & a.</u>, the court on September 18, 2015, issued the following order:**

Having considered the brief, memorandum of law, and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendants, Joseph Scott and Jeanne Scott, appeal the order of the Circuit Court (<u>LeFrancois</u>, J.) entering a judgment for the plaintiff, Verani Realty, Inc., in the amount of $11,444.40 plus court costs, arguing that the court erred in finding that the plaintiff was entitled to a real estate broker's commission for procuring a buyer ready, willing, and able to purchase their property.  They assert that the buyer failed to provide sufficient proof of financing, that the second deposit payment was late, and that the plaintiff failed to deal fairly with them in marketing their home.

It is the burden of the appealing party, here the defendants, to provide this court with a record sufficient to decide their issues on appeal.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>also</u> <u>See</u> <u>Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."); <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants).

The defendants' arguments contain factual components premised upon evidence presented to the trial court at the January 26, 2015 hearing.  The defendants failed to provide a transcript of the hearing.  Absent a transcript, we must assume that the evidence was sufficient to support the decision reached.  <u>See</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 396 (1997).  Accordingly, we review the trial court's decision for errors of law only, <u>see</u> <u>id</u>. at 397, and find none.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**