**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0450, <u>In the Matter of Tracy Mansur and Harley Mansur</u>, the court on January 22, 2016, issued the following order:**

Having considered the brief and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Tracy Mansur, appeals a final decree issued by the Circuit Court (<u>Carroll</u>, J.) in her divorce from the respondent, Harley Mansur. The petitioner argues that the trial court erred by considering as part of the marital estate a truck which, she asserts, she purchased with settlement funds arising out of events that occurred prior to the marriage, and by awarding it to the respondent.

RSA 458:16-a, I (2004) makes no distinction between property brought to the marriage by the parties and property acquired during the marriage. <u>In the Matter of Sarvela & Sarvela</u>, 154 N.H. 426, 431 (2006). Regardless of the source, all property owned by each spouse at the time of divorce is to be included in the marital estate. <u>Id</u>. We afford trial courts broad discretion in determining matters of property distribution in fashioning a final divorce decree. <u>In the Matter of Hampers & Hampers</u>, 154 N.H. 275, 285 (2006). The trial court may, in its discretion, award a particular asset in its entirety to one party. <u>In the Matter of Letendre & Letendre</u>, 149 N.H. 31, 36 (2002). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. <u>Id</u>. at 34. If the court's findings can reasonably be made on the evidence presented, they will stand. <u>Id</u>. at 36.

The petitioner has not provided a transcript of the divorce hearing. It is the burden of the appealing party, here the petitioner, to provide this court with a record sufficient to decide her issues on appeal. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>also</u> <u>Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, [s]he shall include in the record a transcript of all evidence relevant to such finding or conclusion."); <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants).

The petitioner's arguments contain factual assertions premised upon evidence presented to the trial court during the divorce proceedings. Absent a

transcript of the proceedings, we must assume that the evidence was sufficient to support the trial court's decree.  <u>See</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 396 (1997).  Based upon this limited record, we cannot conclude that the trial court erred in considering the truck to be part of the marital estate or that it unsustainably exercised its discretion in awarding the truck to the respondent. <u>See</u> <u>Sarvela</u>, 154 N.H. at 431; <u>Letendre</u>, 149 N.H. at 34.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
