**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0617, In the Matter of Aquil Eaglin and Kelli MacDonald, the court on June 14, 2016, issued the following order:**

Having considered the briefs and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The petitioner, Aquil Eaglin (father), appeals the order of the Circuit Court (Zucker, R., approved by Carbon, J.) ordering him to pay child support to the respondent, Kelli MacDonald (mother). The father argues that given the parties' equal parenting time, it would be more equitable for each party to pay child care expenses incurred while the child is in his or her care, and for the parties to share equally in expenses relating to sports or other extra-curricular activities.

The trial court found $117 per week to be the presumptively correct amount of child support due from the father according to the guidelines, but it ordered a downward deviation to $100 per week effective September 15, 2015, with each party responsible for child care expenses and other costs incurred while the child is in his or her care. The mother is responsible for the expenses of routine extra-curricular activities. The court ordered the parties to share in the enrollment decisions and costs of any major outlays such as camps. The court ordered each party to be responsible for 50 percent of uninsured medical expenses.

The trial court ordered the Division of Child Support Services to calculate the father's arrearages based upon the temporary child support orders of March 12, 2010, June 12, 2015, and July 30, 2015, with a credit for child support payments of $17,410.97. The court ordered the father to pay on the arrearages at the rate of $30 per week.

It is the burden of the appealing party, here the father, to provide this court with a record sufficient to decide his issues on appeal. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see also Sup. Ct. R. 13. Each of the issues raised by the father contains factual components and challenges the weight given by the trial court to the evidence presented. See Sup. Ct. R. 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he

shall include in the record a transcript of all evidence relevant to such finding or conclusion.").

On September 9, 2015, the court held a child support hearing. Absent a transcript of the hearing, we must assume that the evidence was sufficient to support the decision reached. See Atwood v. Owens, 142 N.H. 396, 396 (1997); see also, e.g., Town of Nottingham v. Newman, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants). Accordingly, we review the trial court's decision for errors of law only, see Atwood, 142 N.H. at 397, and find none.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**