## THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2016-0392, <u>Donna Molony v. James Molony</u>, the court on November 15, 2016, issued the following order:**

Having considered the brief, memorandum of law, reply brief, and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, James Molony, appeals the order of the Circuit Court (<u>Chabot</u>, J.) granting a domestic violence final protective order to the plaintiff, Donna Molony. <u>See</u> RSA 173-B:5, I(a) (Supp. 2015). The defendant argues that the evidence was insufficient to support the court's factual findings and that the court's findings are insufficient to support the issuance of a protective order.

We review sufficiency of the evidence claims as a matter of law and uphold the findings and rulings of the trial court unless they are lacking in evidentiary support or tainted by error of law. <u>Achille v. Achille</u>, 167 N.H. 706, 715 (2015). To obtain relief under RSA chapter 173-B, the plaintiff must show "abuse" by a preponderance of the evidence. <u>Id</u>. at 716. "Abuse" is defined in RSA 173-B:1 to include the commission or attempted commission of one or more of several criminal acts, including criminal threatening, constituting a credible present threat to the plaintiff's safety. <u>See</u> 173-B:1, I (Supp. 2015).

A person commits the act of criminal threatening when he "purposely places or attempts to place another in fear of imminent bodily injury or physical contact." <u>See</u> RSA 631:4, I(a). The trial court found, after a hearing during which both parties testified, that the defendant committed an act of criminal threatening constituting a present credible threat to the plaintiff's safety.

It is the burden of the appealing party, here the defendant, to provide this court with a record sufficient to decide his issues on appeal. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>also</u> <u>Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."); <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants).

The defendant failed to provide a transcript of the hearing.  We notified the defendant by order dated September 9, 2016, that we would not consider the audio-recording he submitted of the June 28, 2016 trial court hearing. See Rule 59(4) ("A copy of the recording of a court proceeding shall not be deemed to be the official record of the proceeding.").  Absent a transcript, we must assume that the evidence was sufficient to support the trial court's findings.  See Atwood v. Owens, 142 N.H. 396, 396 (1997).  We review the court's order for errors of law only.  See id. at 397.  Based upon this record, we cannot conclude that the trial court's findings are insufficient, as a matter of law, to support the issuance of a protective order.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**