# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

### In Case No. 2016-0516, <u>Brenda Converse v. John LaFratta,</u> the court on December 23, 2016, issued the following order:

Having considered the defendant's brief and the limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, John LaFratta, appeals the order of the Circuit Court (<u>Gorman</u>, J.) granting a domestic violence final protective order to the plaintiff, Brenda Converse. <u>See</u> RSA 173-B:5, I(a) (Supp. 2016). The defendant argues that the trial court's findings are unsupported by the evidence and contrary to the evidence, and that the court erred by precluding him from introducing exculpatory evidence.

It is a long-standing rule that parties may not have judicial review of matters not raised in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). It is the burden of the appealing party, here the defendant, to provide this court with a record sufficient to decide his issues on appeal, as well as to demonstrate that he raised his issues in the trial court. <u>Id</u>.; <u>see</u> <u>also</u> <u>Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."); <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants).

The defendant failed to provide a transcript of the hearing. Absent a transcript, the record is insufficient to demonstrate that he raised his evidentiary issues at trial, and we must assume that the evidence was sufficient to support the trial court's findings. <u>See</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 396 (1997). We review the court's order for errors of law only. <u>See</u> <u>id</u>. at 397. Based upon this record, we cannot conclude that the trial court's findings are insufficient, as a matter of law, to support the issuance of a protective order. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**