**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**


**In Case No. 2016-0673, <u>State of New Hampshire v. John LaFratta</u>, the court on May 15, 2017, issued the following order:**

Having considered the brief, memorandum of law, and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, John LaFratta, appeals the order of the Circuit Court (<u>Coughlin</u>, J.), following a hearing, denying his motion for return of firearms. We construe his argument to be that the evidence did not support the court's order.

A domestic violence protective order "direct[s] the defendant to relinquish to the peace officer any and all firearms and ammunition in the control, ownership, or possession of the defendant . . . for the duration of the protective order." RSA 173-B:5, I (Supp. 2016). Thereafter, "[t]he defendant shall be prohibited from purchasing, receiving, or possessing any deadly weapons and any and all firearms and ammunition for the duration of the order." RSA 173-B:5, II (2014); <u>see</u> <u>also</u> 18 U.S.C. § 922(g)(8) (2012) (making it a violation of federal law to possess any firearm or ammunition in or affecting commerce after having been restrained by a court, following a hearing, from harassing, stalking, or threatening an intimate partner or child of an intimate partner, and after having been found by the court to represent a credible threat to the physical safety of such intimate partner or child).

The trial court took judicial notice of a domestic violence protective order in effect from August 23, 2016 to August 22, 2017, in which the court found that the defendant had committed an act of domestic violence against the plaintiff and that his conduct constituted a credible present threat to her safety. <u>See</u> RSA 173-B:1 (Supp. 2016) (defining domestic violence).

The protective order prohibiting the defendant from possessing firearms and ammunition is not scheduled to expire until August 22, 2017. The court held its hearing on December 13, 2016. After considering testimony from the defendant and the police chief for the Town of Pembroke, the court denied the defendant's motion.

It is the burden of the appealing party, here the defendant, to provide this court with a record sufficient to decide his issues on appeal. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>also</u> <u>Sup. Ct. R.</u> 15(3) ("If the

moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."); Town of Nottingham v. Newman, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants).

The defendant failed to provide a transcript of the December 13, 2016 hearing. Absent a transcript, we must assume that the evidence was sufficient to support the trial court's order. See Atwood v. Owens, 142 N.H. 396, 396 (1997). We review the court's order for errors of law only, see id. at 397, and find none.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

2