# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0480, <u>In the Matter of Alfred Charest, III and Barbara Charest</u>, the court on January 31, 2020, issued the following order:**

Having considered the brief filed by the petitioner, Alfred Charest, III (Husband), the memorandum of law filed by the respondent, Barbara Charest (Wife), and the limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). Husband appeals the final decree entered by the Circuit Court (<u>Boyle</u>, J.) in his divorce from Wife. We affirm.

The trial court has broad discretion in fashioning a final divorce decree. <u>In the Matter of Spenard & Spenard</u>, 167 N.H. 1, 3 (2014). Its discretion necessarily encompasses decisions concerning property distribution and parenting rights and responsibilities. <u>See</u> <u>In the Matter of Conant & Faller</u>, 167 N.H. 577, 582 (2015); <u>Spenard</u>, 167 N.H. at 3. We will not overturn the trial court's rulings on such matters absent an unsustainable exercise of discretion. <u>Conant</u>, 167 N.H. at 582; <u>Spenard</u>, 167 N.H. at 3. This standard of review means that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made. <u>In the Matter of Kurowski & Kurowski</u>, 161 N.H. 578, 585 (2011). We defer to the trial court's judgment in resolving conflicting testimony, evaluating the credibility of the witnesses, and determining the weight to assign to the evidence presented at trial. <u>In the Matter of Aube & Aube</u>, 158 N.H. 459, 465 (2009). If the trial court's findings could reasonably have been made on the evidence presented at trial, they will stand. <u>Spenard</u>, 167 N.H. at 3.

It is the burden of the appealing party, here Husband, to submit so much of the record as is sufficient to decide the issues he raises on appeal, and to demonstrate that he raised those issues in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the moving party shall include in the record a transcript of all evidence relevant to such finding or conclusion."); <u>see also</u> <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants). In the absence of a hearing transcript, we assume that the evidence was sufficient to support the result reached by the trial court, and we review the trial court's

order only for errors of law appearing on the face of the order.  <u>Bean</u>, 151 N.H. at 250; <u>Atwood v. Owens,</u> 142 N.H. 396, 396 (1997).

In this case, Husband has not provided a transcript of the final hearing. Under these circumstances, we assume that the evidence supported the trial court's decisions, <u>see</u> <u>Bean</u>, 151 N.H. at 250, and we cannot say, upon this record, that those decisions amounted to unsustainable exercises of its discretion.  We decline to address Husband's arguments concerning his attorney's representation of him, his need for housing, and complaints against the local police because those arguments are not properly before us in this appeal.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**