# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0434, <u>John Grimaldi & a. v. Danielle R. Willette & a.</u>, the court on March 10, 2020, issued the following order:**

Having considered the opening and reply briefs filed by defendant Paul M. Willette, the memorandum of law filed by the plaintiffs, John and Catherine Grimaldi, and the limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We treat Willette's February 21, 2020 "Motion for extension to respond to Appellee[s'] Memorandum of Law" as a motion to accept for filing the "Objection to Appellee[s'] Memorandum of Law" filed simultaneously with his motion, and hereby grant that motion.

Willette appeals two trial court orders. The first, issued by the Superior Court (<u>Anderson</u>, J.) in May 2019, denied his motion to dismiss the complaint filed against him by the plaintiffs and denied his motion to vacate an arrest warrant issued when Willette failed to appear at an October 2018 hearing on the plaintiffs' motion for periodic payments. The second challenged order, issued by the Superior Court (<u>Nicolosi</u>, J.) in June 2019, vacated the arrest warrant and ordered him to pay $500 per month toward a default judgment issued in June 2018 in favor of the plaintiffs. We affirm.

The trial court found the following relevant facts. In December 2017, the plaintiffs sought to serve Willette at his residence in Augusta, Georgia with a copy of the complaint they had filed to recover money owed them. Willette never filed an appearance and was defaulted. In June 2018, the trial court entered a default judgment against Willette in the amount of $23,617.22.

In August, the plaintiffs filed a motion for periodic payments, and in September, they asked for court permission to serve Willette by leaving a certified copy of the motion for periodic payments at his ex-wife's address in Bedford. To support their motion, the plaintiffs provided a copy of a February deposition in which Willette had testified that the Bedford address was his residence. The trial court granted the plaintiffs' request for alternative service, and, in October, held a hearing on motion for periodic payments. Willette did not attend the October hearing, and a warrant for his arrest was issued.

Thereafter, Willette filed a motion to dismiss the plaintiffs' December 2017 complaint and to vacate the arrest warrant, asserting that he moved from the Georgia address two days before service was made at that address, and,

thus, never had received the complaint, and that he has never resided at the Bedford address and, thus, had never received the motion for periodic payments. Based upon evidence submitted with the parties' pleadings, the trial court found that the Georgia address was Willette's address on the date on which the plaintiffs had served that address with a copy of their complaint, and that the Bedford address was his address when they served that address with a copy of their motion for periodic payments. The court agreed with the plaintiffs that Willette had "made a concerted effort to duck service." Accordingly, the court denied Willette's motion to vacate the arrest warrant and dismiss the complaint.

The trial court held a hearing in June 2019 on periodic payments. At that time, the arrest warrant was still outstanding. However, the trial court vacated it, advising Willette that he had to appear and keep the court informed of any change of address. Although Willette continued to challenge the validity of the default judgment entered against him on the ground that he was never properly served with the complaint, the court declined to consider his challenge, observing that the service issue had already been decided in the May 2019 order.

The court stated that the only issue before it was whether Willette has the ability to pay the default judgment. Based upon the evidence submitted at the June 2019 hearing, the court found that Willette has the ability to pay the judgment given that he "is a well-educated and capable man" and "is able to work, even if it is not as a physician," by obtaining "part-time gainful employment while writing his book." The court ordered, among other things, that Willette pay $500 per month toward the outstanding judgment, starting October 1, 2019. The court dismissed Willette's cross-claims against the plaintiffs and their attorney "[b]ecause the case is resolved by final judgment [and his cross-claims] are untimely."

On appeal, Willette contends that both the May 2019 and June 2019 orders contain erroneous factual findings. He, however, has failed to provide a complete record for our review of this contention. As the appealing party, Willette had the burden of providing this court with a record sufficient to decide his issues on appeal. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see Town of Nottingham v. Newman, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants). However, he did not provide a transcript of the June 2019 hearing before the trial court. Nor did he provide copies of the pleadings upon which the trial court relied in its May 2019 and June 2019 orders. Absent a complete record, we must assume that the evidence supported the trial court's decisions. See Bean, 151 N.H. at 250. We review the court's orders for errors of law only, see Atwood v. Owens, 142 N.H. 396, 397 (1997), and find none. To the extent that Willette seeks, in

2

this appeal, to challenge issues that are unrelated to either the May 2019 or June 2019 orders, those issues are not properly before us, and we decline to address them.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**
