# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0018, <u>Philip Feeney v. Colburn Resorts, Inc.</u>, the court on August 17, 2020, issued the following order:**

The request made by the defendant, Colburn Resorts, Inc., to dismiss this appeal is hereby denied. We treat the pleading filed by the plaintiff, Philip Feeney, entitled "MOTION TO CONTINUE CASE 2020-0018" as his reply brief. (Bolding omitted.)  Having considered the plaintiff's opening and reply briefs, the defendant's memorandum of law, and the limited record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  The plaintiff appeals an order of the Circuit Court (<u>Gorman</u>, J.) dismissing his small claim action against the defendant on the ground that it is barred by the applicable statute of limitations.  We affirm.

The trial court found the following facts.  The plaintiff owned a timeshare in a resort in Weare pursuant to a timeshare agreement executed in 1985; the defendant was the trustee of the resort trust.  According to the timeshare documents, the plaintiff had a right to share in the beneficial ownership of the resort property in proportion to his share of the total expenses for managing and operating the property.

In 2012, resort members approved a plan to terminate the declaration of trust, dissolve the owners' association, sell the resort property, and receive a distribution.  In July 2012, counsel for the resort sent the plaintiff a check, which the plaintiff returned.  In 2015, the plaintiff informed the defendant that he believed that the 2012 transaction did not comply with the trust documents.

On January 11, 2016, the defendant informed the plaintiff that it was holding funds in escrow for him and that the funds would be sent to the California State Treasurer if it did not receive other instructions from the plaintiff.  The plaintiff indicated that he would not accept the settlement.  On January 29, counsel for the defendant informed the plaintiff that counsel had been holding a $4,058.80 distribution for him for more than three years and that if the plaintiff failed to provide instructions for delivery of those funds, they would be returned to the defendant.

In April 2019, the plaintiff filed the instant action against the defendant asserting that the defendant had retained funds that were due him and had not sent them to California as unclaimed property as previously promised.  The plaintiff seeks recovery of $4,058.80 in addition to court costs, interest, and travel expenses.

The defendant moved to dismiss the plaintiff's claim on the ground that the defendant corporation has not existed for a number of years and that, even if the plaintiff could pursue his claim against a proper party, it is time-barred under the three-year statute of limitations for personal actions. See RSA 508:4 (2010). The plaintiff countered that his action is governed by the twenty-year statute of limitations for recovery of real estate. See RSA 508:2 (2010). Alternatively, he argued that his claim is timely based upon the discovery rule. See RSA 508:4, I. The trial court found that the discovery rule does not apply, and this appeal followed.

On appeal, the plaintiff argues that the trial court erred by applying the three-year, instead of the twenty-year, statute of limitations and by failing to apply the discovery rule. We are unable to review his appellate arguments substantively because he has failed to provide a sufficient record for our review. As the appealing party, the plaintiff has the burden of providing us with a record sufficient to decide his appellate issues. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see Sup. Ct. R. 13; see also Town of Nottingham v. Newman, 147 N.H. 131, 137 (2001) (explaining that the rules of appellate practice are not relaxed for self-represented litigants). The plaintiff has not provided this court with a copy of his small claim complaint, the exhibits entered at the motion to dismiss hearing, or with a transcript of that hearing. Absent a complete record, we must assume that the evidence supported the trial court's decision. See Bean, 151 N.H. at 250. We review the court's order for errors of law only, see Atwood v. Owens, 142 N.H. 396, 397 (1997), and find none.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2