# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2020-0155, <u>In the Matter of Diogenes Blanco and Elinol Bunols</u>, the court on October 21, 2020, issued the following order:**

Having considered the parties' briefs and the limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The petitioner, Diogenes Blanco, appeals orders of the Circuit Court (<u>Cooper</u> and <u>DalPra</u>, MM., approved by <u>Stephen</u> and <u>Alfano</u>, JJ.) on his parenting petition. We affirm.

On appeal, the petitioner argues that the evidence was insufficient to support the trial court's decision. We are unable to review his appellate argument substantively because he has failed to provide a sufficient record for our review. As the appealing party, the petitioner had the burden of providing us with a record sufficient to decide his appellate issues. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250, (2004); <u>see</u> <u>Sup. Ct. R</u>. 13; <u>see also</u> <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (explaining that the rules of appellate practice are not relaxed for self-represented litigants). The petitioner has not provided a transcript of the hearing on the merits nor any documents that may have been submitted as exhibits at that hearing. Absent a complete record, we must assume that the evidence supported the trial court's decision. <u>See</u> <u>Bean</u>, 151 N.H. at 250. We review the court's orders for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997), and find none.

To the extent that the petitioner contends that paragraph II-a of RSA 461-A:12, which was added to the statute in 2018, <u>see</u> RSA 461-A:12, II-a (Supp. 2019), precluded the respondent from relocating to Rhode Island in 2017, we consider his argument insufficiently developed for our review. <u>See</u> <u>Halifax-American Energy Co. v. Provider Power, LLC</u>, 170 N.H. 569, 574 (2018) ("In the realm of appellate review, a mere laundry list of complaints regarding adverse rulings by the trial court, without developed legal argument, is insufficient to warrant judicial review." (quotation and brackets omitted)).

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**