**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2021-0514, <u>Allan Lewis v. Brier Ridge Estates</u>, the court on September 16, 2022, issued the following order:**

Having considered the brief filed by the plaintiff, Allan Lewis, the memorandum of law filed by the defendant, Briar Ridge Estates,[1] and the limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff appeals a post-final-judgment order of the Superior Court (<u>Howard</u>, J.) denying his request for emergency relief. We affirm.

We are unable to review the plaintiff's appellate argument substantively because he has failed to provide a sufficient record for our review. As the appealing party, the plaintiff has the burden of providing us with a record sufficient to decide his appellate issues. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250, (2004); <u>see</u> <u>Sup. Ct. R</u>. 13; <u>see also</u> <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (explaining that the rules of appellate practice are not relaxed for self-represented litigants). The plaintiff has not provided a transcript of the trial court's June 29, 2021 hearing, copies of the motion(s) heard at the hearing or ruled upon in the trial court's order, or the affidavit to which the trial court refers in its order. Absent a complete record, we must assume that the evidence supported the trial court's decision. <u>See</u> <u>Bean</u>, 151 N.H. at 250. We review the court's order for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997), and find none.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

---

[1] Although the plaintiff refers to the defendant as "Brier Ridge Estates," and although the trial court captioned the case, "<u>Allan Lewis v. Brier Ridge Estates</u>," the defendant represents that its "correct legal name . . . is Briar Ridge Estates, not Brier Ridge Estates."