**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2021-0538, <u>Mark Dow v. Madison Dow & a.</u>, the court on September 29, 2022, issued the following order:**

Having considered the briefs of the parties and the limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). The defendants, Madison Dow and Isaac Cariker (tenants), appeal an order of the Circuit Court (Mace, J.) granting possession of residential property to the plaintiff, Mark Dow (landlord). We affirm.

We will uphold the trial court's findings and rulings unless they lack evidentiary support or are legally erroneous. N.H. Fish & Game Dep't v. Bacon, 167 N.H. 591, 596 (2015). "Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence." Id. (quotation omitted). "Thus, we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." Id. (quotation omitted). We review the trial court's legal rulings and its application of law to fact de novo. See Bursey v. CFX Bank, 145 N.H. 126, 129 (2000).

On appeal, the tenants primarily argue that the landlord lacked standing to evict them because he no longer owned the property. The trial court found, to the contrary, that the landlord is the property owner.

At the hearing, to prove that the landlord owned the property, he submitted his deed to the property and a purchase and sale agreement. The landlord's attorney proffered that the house was currently under contract and that the tenants needed to vacate the premises "so that the closing [could] take place" approximately one month after the hearing.

The tenants, however, have not included the deed and purchase and sale agreement in the appellate record. As the appealing parties, the tenants have the burden of providing us with a record sufficient to decide their appellate issues. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250, (2004); see Sup. Ct. R. 13; see also Town of Nottingham v. Newman, 147 N.H. 131, 137 (2001) (explaining that the rules of appellate practice are not relaxed for self-represented litigants). Absent the deed and purchase and sale agreement, we must assume that these exhibits support the trial court's finding that the landlord owned the property. See Bean, 151 N.H. at 250. We review the court's order for errors of law only, see Atwood v. Owens, 142 N.H. 396, 397

(1997), and find none.  We have reviewed the tenants' remaining arguments and conclude that they lack merit and warrant no further discussion.  <u>See</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993).

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**