# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0123, <u>Truist Bank & a. v. Samson Duclair & a.</u>, the court on November 30, 2022, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendants, Samson Duclair and Paulette Duclair, appeal orders of the Superior Court (<u>Wageling</u> and <u>Ruoff</u>, JJ.) related to the motion for contempt and request to increase the defendants' monthly payment obligation under a periodic-payments-of-a-judgment order, <u>see</u> RSA 524:6-a (2021), filed by the plaintiffs, Truist Bank and Branch Banking and Trust Company. We affirm.

We will uphold the trial court's factual findings and rulings unless they lack evidentiary support or are legally erroneous. <u>Loon Valley Homeowner's Ass'n v. Pollock</u>, 171 N.H. 75, 78 (2018). We do not decide whether we would have ruled differently than the trial court, but, rather, whether a reasonable person could have reached the same decision based upon the same evidence. <u>Id</u>. We defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given to the evidence. <u>Id</u>. It is within the province of the trial court to accept or reject, in whole or in part, whatever evidence was presented. <u>Id</u>. We review the trial court's application of the law to the facts and its legal rulings <u>de</u> <u>novo</u>. <u>See</u> <u>id</u>.

On appeal, the defendants first argue that the evidence does not support the trial court's determination that they have the ability to pay $1,500 per month to satisfy the outstanding judgment against them. As the appealing parties, the defendants have the burden of providing us with a record sufficient to decide their appellate issues. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250, (2004); <u>see</u> <u>Sup. Ct. R.</u> 13; <u>see</u> <u>also</u> <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (explaining that the rules of appellate practice are not relaxed for self-represented litigants). Because the defendants have not provided a transcript of the December 2021 hearing, we must assume that the evidence at that hearing supported the trial court's factual finding regarding their ability to pay.

The defendants next assert that Truist Bank lacks standing to proceed in this matter because it "is not registered with the New Hampshire Secretary of State's Office and . . . has no registered agent or registered agent office in New Hampshire." As Truist Bank aptly asserts, however, "[t]he underlying transaction in this case took place in interstate commerce," which "constitutes a universally-

recognized exception to the registration requirements." <u>See</u> RSA 293-A:15.01(b)(11) (2016).

We have reviewed the defendants' remaining arguments and conclude that they are either insufficiently developed for our review, <u>see</u> <u>White v. Auger</u>, 171 N.H. 660, 665 (2019), or lack merit and warrant no further discussion, <u>see</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993). The plaintiffs' request for attorneys' fees and costs in their brief is denied without prejudice to filing a properly supported motion for fees pursuant to Supreme Court Rule 23 which addresses, among other things, whether fees are due pursuant to the judgment, and establishes the reasonableness of any fees being sought. <u>See</u> RSA 490:14-a (2010); <u>Sup. Ct. R.</u> 23.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**<br>**Clerk**