# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0245, <u>State of New Hampshire v. Devon R. Dukelow</u>, the court on December 29, 2022, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(2).  The defendant, Devon R. Dukelow, appeals his conviction, following a bench trial in the Circuit Court (<u>Quigley</u>, J.), on a charge of misdemeanor criminal trespass.  On appeal, the defendant argues that the evidence was insufficient to support the conviction.  We affirm.

To prevail upon a challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all of the reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt.  <u>State v. Cable</u>, 168 N.H. 673, 677 (2016).  In such a challenge, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  <u>Id</u>.  Because a challenge to the sufficiency of the evidence raises a claim of legal error, our standard of review is <u>de</u> <u>novo</u>.  <u>Id</u>.

We are unable to address the merits of the defendant's challenge to the sufficiency of the evidence because he has failed to provide a sufficient record for our review.  As the appealing party, the defendant had the burden of providing this court with a record sufficient to decide his issues on appeal.  <u>See Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>Sup. Ct. R.</u> 13.  In the absence of a trial transcript, we assume that the evidence at trial supports the trial court's findings.  <u>Bean</u>, 151 N.H. at 250.

The record submitted on appeal does not include an official transcript of the bench trial in this case.  <u>See Sup. Ct. R.</u> 15.  Although the defendant's appendix includes a document that purports to be a transcript, the defendant did not request that a transcript be prepared in accordance with Supreme Court Rule 15, and the document included in the appendix is not an official transcript prepared by "the transcriber designated by the court to prepare the transcript."  <u>Sup. Ct. R.</u> 15(2)(a), (4) (deeming the "electronic version of the transcript" prepared for the court by "the transcriber" to be "the official transcript").  Nor has the State stipulated that the document in the defendant's appendix is an accurate accounting of the bench trial.  <u>See Sup. Ct. R.</u> 15(1) ("The parties shall attempt to enter into stipulations, such as an agreed

statement of facts, that will reduce the size of transcripts or avoid them completely.").  To the contrary, the State expressly declines to concede the accuracy or reliability of the purported transcript included in the defendant's appendix, observing that it was neither prepared by the court's designated transcriber nor accompanied by a certificate as to its accuracy.

Because the purported transcript included in the defendant's appendix is not an official transcript, it is not properly part of the record in this appeal.  See Sup. Ct. R. 13(1) (defining "the record" to include "the transcript of the proceedings, if any"); 15(2) (describing the process by which the appealing party may obtain trial transcripts).  Without an official transcript, we must assume that the evidence supported the trial court's guilty finding.  See Bean, 151 N.H. at 250; see also Town of Nottingham v. Newman, 147 N.H. 131, 137 (2001) (explaining that the rules of appellate practice are not relaxed for self-represented litigants).  Even if the purported transcript were an official transcript, however, we note that it supports the defendant's conviction.  Any remaining arguments in the defendant's brief either are insufficiently developed, or otherwise do not warrant further discussion.  See State v. Blackmer, 149 N.H. 48, 49 (2003); Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**