# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0168, <u>In the Matter of Keri-Ann Hopps-Geoffroy and Jordan Geoffroy</u>, the court on January 11, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(2).  The respondent, Jordan Geoffroy, appeals the final decree entered by the Circuit Court (<u>Hall</u>, J.) in his divorce from the petitioner, Keri-Ann Hopps-Geoffroy, arguing that the trial court erred in: (1) holding him solely responsible for debts relating to the parties' business; (2) ordering him to pay child support; (3) not awarding him equal parenting time; and (4) ordering him to pay the petitioner $2,000 for personal property he destroyed.

It is the burden of the appealing party, here the respondent, to provide this court with a record sufficient to decide his issues on appeal.  <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see also</u> <u>Sup. Ct. R.</u> 13.  Each of the issues raised by the respondent contains factual components and challenges the weight given by the trial court to the evidence presented.  <u>See Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion.").

Absent a transcript of the January 20, 2023 final hearing, we must assume that the evidence was sufficient to support the decision reached.  <u>See Atwood v. Owens</u>, 142 N.H. 396, 396 (1997); <u>see also</u>, <u>e.g.</u>, <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants).  Accordingly, we review the trial court's decision for errors of law only, <u>see</u> <u>Atwood</u>, 142 N.H. at 397, and find none.

In addition, we note that the respondent's brief contains no developed legal arguments.  We have consistently held that judicial review is not warranted for complaints regarding adverse rulings without developed legal

arguments.  See, e.g., Anna H. Cardone Revocable Trust v. Cardone, 160 N.H. 521, 526 (2010).

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**