# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0415, <u>In the Matter of Paula Dill and James Scrivens</u>, the court on July 1, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The petitioner, Paula Dill, appeals the final decree entered by the Circuit Court (<u>Mace</u>, J.) in her divorce from the respondent, James Scrivens, arguing that the trial court erred in: (1) including, as part of the marital estate, debt incurred by the respondent after the parties' separation; and (2) denying her request for reimbursement of health care costs.

It is the burden of the appealing party, here the petitioner, to provide this court with a record sufficient to decide her issues on appeal. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>also</u> <u>Sup. Ct. R.</u> 13(2) ("The moving party shall be responsible for ensuring that all or such portions of the record relevant and necessary for the court to decide the questions of law presented by the case are in fact provided to the supreme court."). We note that the petitioner is self-represented on appeal; however, our rules of appellate practice are not relaxed for self-represented litigants. <u>See</u> <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001).

Except for certain court orders, and documents relating to health insurance costs and an education loan, the petitioner has not provided a record of the trial court proceedings. Absent a transcript of the final hearing, we must assume that the evidence was sufficient to support the decision reached. <u>See</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 396 (1997). Accordingly, we review the trial court's decree for errors of law only, <u>see</u> <u>Atwood</u>, 142 N.H. at 397, and find none.

<u>Affirmed</u>.

Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**