# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0595, <u>In the Matter of Erica Ondre and Robert Tanguay</u>, the court on August 27, 2024, issued the following order:**

The petitioner's motion to strike appellant's amended appendices and miscellaneous documents is granted in part. The respondent's pleadings filed on April 8, 2024, are stricken except for the 56-page redacted original appendix, which was filed in response to our March 28, 2024 order, and the motion to "accept amended brief and appendix and fulfillment of unsigned orders under duress," which was denied by order of April 26, 2024.

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The respondent, Robert Tanguay (father), appeals the final parenting plan ordered by the Circuit Court (<u>Prevett</u>, J.), regarding his two children with the petitioner, Erica Ondre (mother), raising numerous issues on appeal.

The trial court has broad discretion in matters involving parental rights and responsibilities, and we will not overturn its determination except when there has been an unsustainable exercise of discretion. <u>In the Matter of Bordalo & Carter</u>, 164 N.H. 310, 313 (2012).

At the outset, we note that it is the burden of the appealing party, here the father, to provide this court with a record sufficient to decide his issues on appeal. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see also</u> <u>Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."). Although the father challenges factual findings made by the trial court following a final hearing held on September 5, 2023, he has not provided a transcript of the hearing. Absent a transcript, we must assume that the evidence was sufficient to support the trial court's factual findings. <u>See</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 396 (1997); <u>see also</u>, e.g., <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants).

In its final orders, the trial court found that, throughout the temporary phase of the case, the father declined to exercise his parenting time. The court noted that, at the final hearing, the father stated that he remains unwilling to

exercise parenting time on the terms set forth in the temporary parenting orders, such as compliance with the court order in a related case, exchanges at the Manchester Police Department, and no contact between the parties except through Our Family Wizard.

The court ordered that, if the father demonstrates his willingness to comply with the terms set forth above, then he shall be awarded parenting time on Mondays and Wednesdays from 4:00 p.m., until 6:45 p.m., with pick up at daycare or school, and return to the mother at the Manchester Police Department. The court further ordered that, if the father regularly exercises his parenting time and follows the court's orders for three months, then his parenting time may be expanded by agreement of the parties to include every other Saturday from 10:00 a.m. to 4:00 p.m., and any other times the parties may agree. The court awarded the mother sole decision-making responsibility for major decisions regarding the children.

The court found the father to be voluntarily underemployed and imputed income to him of $55,000 annually. The court ordered the father to pay the guideline level of child support based upon his imputed income.

On appeal, the father does not provide developed legal arguments, with specific references to the record or specific citations to legal authorities, to support his claims that the trial court erred in its findings and rulings. We have held that judicial review is not warranted for complaints regarding adverse rulings without developed legal argument, and that passing reference to constitutional claims and off-hand invocations of constitutional rights, without support by legal argument or authority, do not warrant extended consideration. Appeal of Omega Entm't, 156 N.H. 282, 287 (2007).

We reject the father's assertion that the trial judge was biased against him. Judicial rulings alone almost never constitute a valid basis for a claim of bias or partiality. In the Matter of Tapply & Zukatis, 162 N.H. 285, 297 (2011). Opinions formed by the judge based upon facts introduced or events occurring during the current proceeding, or in prior proceedings, do not support a bias or partiality challenge unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Id. The record shows no such bias or partiality by the trial judge in this case.

Based upon our review of the parties' written arguments, the relevant law, the limited record on appeal, and the trial court's orders, we conclude that

2

the father has failed to show that the trial court erred in its findings and rulings, and we affirm the trial court's decision.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**