# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2024-0120, <u>Jack E. Lussier v. Meredith Brodeur</u>, the court on October 15, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(2).  The respondent, Meredith Brodeur, appeals the order of the Superior Court (<u>Honigberg</u>, J.), following a bench trial, granting the petition to quiet title filed by the petitioner, Jack E. Lussier, and denying the relief requested in the respondent's counterclaim.  The respondent argues that the trial court erred in: (1) failing to rule on her claim for adverse possession; and (2) finding the evidence insufficient to support claims of adverse possession and boundary by acquiescence.  We affirm.

The respondent first argues that she raised two claims, boundary by acquiescence and adverse possession, and that the trial court erred by ruling on only one of her claims, boundary by acquiescence.  <u>See</u> <u>O'Hearne v. McClammer</u>, 163 N.H. 490, 435-36 (2012) (distinguishing boundary by acquiescence and adverse possession).  It is the burden of the appealing party, here the respondent, to provide this court with a record sufficient to decide her issues on appeal, and to demonstrate that she raised her issues in the trial court.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see also</u> <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants).  In its order on the merits, the trial court noted that although "[t]he [r]espondent allege[d] no formal counts in her [c]ounterclaim," it construed her counterclaim to allege a claim of trespass.  The court also noted that, at the bench trial, the respondent asserted a further claim for boundary by acquiescence.  After considering the evidence presented at trial, the court ruled that the respondent failed to meet her burden to prove her claims of trespass and boundary by acquiescence.  The court's order does not mention any claim of adverse possession.

The respondent has not provided us with a copy of her counterclaim.  Nor has she provided us with a copy of any motion for reconsideration notifying the trial court of its alleged error.  The trial court must have had the opportunity to consider any issues raised by the appellant on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration.  <u>Super. Ct. Civ. R.</u> 12(e); <u>see</u> <u>N.H. Dep't of Corrections v. Butland</u>, 147 N.H. 676, 679 (2002).  We conclude that the

respondent has not provided a record showing that she raised her issue in the trial court, and we therefore decline to address it.  See Bean, 151 N.H. at 250.

The respondent next argues that the evidence supported her claims of adverse possession and boundary by acquiescence.  The respondent has not provided a transcript of the trial.  See id.; see also Sup. Ct. R. 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the moving party shall include in the record a transcript of all evidence relevant to such finding or conclusion.").  Absent a transcript, we must assume that the evidence was sufficient to support the trial court's decision.  See Atwood v. Owens, 142 N.H. 396, 396 (1997).  Accordingly, we find no error.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**