**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2021-0433, <u>In the Matter of Gina Knott and Brian Glaski</u>, the court on October 18, 2022, issued the following order:**

Having considered the brief filed by the petitioner, Gina Knott, and the limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The petitioner appeals a final parenting plan entered by the Circuit Court (<u>Garner</u>, J.) following a two-day hearing, governing the parties' rights and responsibilities with respect to their son. We affirm.

The trial court has broad discretion in matters involving parenting rights and responsibilities. <u>In the Matter of Miller & Todd</u>, 161 N.H. 630, 640 (2011). Its overriding concern in such matters is the best interest of the child. <u>Id</u>. We will not overturn its ruling on a parenting petition absent an unsustainable exercise of discretion. <u>Id</u>. Under this standard of review, "we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made." <u>Id</u>. (quotation omitted). To establish that the trial court unsustainably exercised its discretion, the petitioner must demonstrate that the trial court's rulings were clearly untenable or unreasonable to the prejudice of her case. <u>See</u> <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001).

On appeal, the petitioner argues that the trial court erred when it issued the final parenting plan. She appears to argue that the trial court's decision was contrary to the evidence at the hearing and that it is erroneous as a matter of law.

We are unable to review the petitioner's evidentiary issues because she has not provided a transcript of the two-day hearing as part of the appellate record. As the appealing party, the petitioner has the burden of providing us with a record sufficient to decide her appellate issues. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>Sup. Ct. R.</u> 13; <u>see also</u> <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (explaining that the rules of appellate practice are not relaxed for self-represented litigants). Absent the transcript of the two-day hearing, we must assume that the evidence supports the trial court's decision. <u>See</u> <u>Bean</u>, 151 N.H. at 250.

Likewise, we are unable to review the petitioner's questions of law because she has not developed them sufficiently for our review. "In the realm of appellate review, a mere laundry list of complaints regarding adverse rulings by the trial

court, without developed legal argument, is insufficient to warrant judicial review." <u>Halifax-American Energy Co. v. Provider Power, LLC</u>, 170 N.H. 569, 574 (2018) (quotation and brackets omitted).

To the extent that the petitioner argues that the trial judge demonstrated bias against her, we note that adverse rulings alone do not establish judicial bias. <u>See</u> <u>State v. Bader</u>, 148 N.H. 265, 271 (2002). Based upon our review of the record submitted on appeal, we conclude that no reasonable person would have questioned the judge's impartiality and that no factors were present that would have <u>per</u> <u>se</u> disqualified him from participating in this case. <u>See</u> <u>id</u>. at 268-71.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

<b>Timothy A. Gudas,<br>Clerk</b>