# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0515, <u>Eastern Inns Condominium Association v. John Ringland</u>, the court on July 1, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, John Ringland, appeals the order of the Circuit Court (<u>Greenhalgh</u>, J.) granting judgment to the plaintiff, Eastern Inns Condominium Association, on its claim for past due condominium fees. We construe the defendant's brief to argue that he was denied access to certain records to which he claims he was entitled, by statute and in discovery, as well as certain property rights, and that he was denied due process. We affirm.

It is the burden of the appealing party, here the defendant, to provide this court with a record sufficient to decide his issues on appeal. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the moving party shall include in the record a transcript of all evidence relevant to such finding or conclusion."); <u>see</u> <u>also</u> <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (rules of appellate practice are not relaxed for self-represented litigants).

The defendant has not provided a transcript of the final hearing. Absent a transcript, we must assume that the evidence was sufficient to support the decision reached. <u>See</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 396 (1997). Moreover, the defendant does not provide developed legal arguments, with authorities, to support his constitutional claims. <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003) ("[I]n the realm of appellate review, a mere laundry list of complaints regarding adverse rulings by the trial court, without developed legal argument, is insufficient to warrant judicial review.") (quotation omitted); <u>see</u> <u>also</u> <u>Keenan v. Fearon</u>, 130 N.H. 494, 499 (1988) (observing that "off-hand invocations" of constitutional rights supported by neither argument nor authority warrant no extended consideration).

Based on our review of the briefs, the relevant law, the limited record provided on appeal, and the trial court's well-reasoned decision, we find the defendant's arguments unpersuasive and affirm the trial court's decision.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**